UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LAKISHA NIOMY WRIGHT,**

                                             **CASE NO.:**

    **Plaintiff,**

vs.                                       **JURY TRIAL DEMANDED**

**OKINUS, INC. and EQUIFAX
INFORMATION SERVICES, LLC,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiff, Lakisha Niomy Wright, by and through her undersigned counsel, and brings this action against the Defendants Okinus, Inc.("Okinus") and Equifax Information Services, LLC ("Equifax") and in support alleges as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. ch. 41 § 1681 *et seq.* ("FCRA").

2. Plaintiff is seeking the remedies she is entitled to under the above-listed statute for an ongoing course of action by Defendants of credit reporting of a debt she is not obligated to pay.

1

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the law of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Venue in this District is proper because this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p.

## PARTIES

6. At all times material hereto, Plaintiff was a natural person and resident of Jacksonville, Florida.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

8. Defendant Okinus is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

9. Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

10. At all times material Defendant Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## BACKGROUND AND GENERAL ALLEGATIONS

11. Plaintiff purchased furniture from Waynes Fine Furniture and Bedding in Jacksonville, FL on June 1, 2018. She financed the furniture purchase through Defendant Okinus.

12. On November 4, 2019, Plaintiff filed Chapter 7 bankruptcy proceedings in the Middle District of Florida, Jacksonville Division (Case No. 3:19-bk-14221-JAF). The Okinus Account was specifically included in the bankruptcy petition.

13. On February 12, 2020, Judge Jerry A. Funk, United States Bankruptcy Judge, entered the Order of Discharge under 11 U.S.C. §727 as to Plaintiff.

14. On February 14, 2020, the federal bankruptcy clerk certified that a copy of the bankruptcy discharge was mailed to Defendant Okinus via first class mail.

15. From February 14, 2020, onward, Plaintiff no longer had an obligation on the Account.

16. Equifax knew or had reason to know that their reporting of the Okinus account was inaccurate because the date opened predated her bankruptcy filing and discharge.

17. Following the discharge, the Account was still being reported as open and owing on her Equifax credit report despite the fact that both Okinus and Equifax had record of Plaintiff's bankruptcy discharge.

## First Dispute

18. On August 10, 2021, Equifax received Plaintiff's first dispute regarding the Account. The dispute clearly communicated that the Okinus account had been included in her bankruptcy and that she no longer owed a balance.

19. Pursuant to 15 U.S.C. § 1681i, Equifax had a duty to notify Okinus of Plaintiff's dispute within five business days of receiving the dispute, to forward all relevant information and any documents included in Plaintiff's dispute for Okinus to review, to conduct a reasonable reinvestigation of the disputed information, and to thereafter correct the disputed tradeline or delete it from her consumer file.

20. Equifax sent an ACDV to Okinus, notifying Okinus of Plaintiff's dispute in accordance with 15 U.S.C. § 1681i.

21. Despite Plaintiff's First FCRA Dispute providing Equifax with sufficient information to allow Equifax to accurately report the Account, Equifax and

Okinus failed to correct the account as "discharged" and continued to report the balance of $2,824.00.

Second Dispute

22. On October 28, 2021, Plaintiff submitted a dispute to Equifax via their online portal. The dispute clearly communicated that the Okinus account had been included in her bankruptcy and that she no longer owed a balance.

23. Pursuant to 15 U.S.C. § 1681i, Equifax had a duty to notify Okinus of Plaintiff's dispute within five business days of receiving the dispute, to forward all relevant information and any documents included in Plaintiff's dispute for Okinus to review, to conduct a reasonable reinvestigation of the disputed information, and to thereafter correct the disputed tradeline or delete it from her consumer file.

24. Equifax sent an ACDV to Okinus, notifying Okinus of Plaintiff's dispute in accordance with 15 U.S.C. § 1681i.

25. Despite Plaintiff's Second FCRA Dispute providing Equifax with sufficient information to allow Equifax to accurately report the Account, Equifax and Okinus failed to correct the account as "discharged" and continued to report the balance of $2,824.00.

### Third Dispute

26. On January 29, 2022, Equifax received Plaintiff's third and final dispute regarding the Okinus Account.

27. Equifax sent an ACDV to Okinus, notifying Okinus of Plaintiff's dispute in accordance with 15 U.S.C. § 1681i.

28. Following the third dispute, Defendants Okinus and Equifax finally deleted the Account.

29. However, this deletion came nearly *two years* after her discharge and after at least two other failed disputes.

30. After receiving Plaintiff's first and second disputes, upon information and belief, Defendant Equifax did not notify Defendant Okinus of Plaintiff's disputes of the account.

31. Alternatively, after receiving Plaintiff's first and second disputes, upon information and belief, Defendant Equifax did notify Defendant Okinus of Plaintiff's disputes of the account.

32. Upon information and belief, Defendant Equifax failed to conduct a reasonable investigation of the Okinus Account after the first and second disputes.

33. When Plaintiff disputed the Account, Defendant Equifax was required to perform a reinvestigation; however, the Defendant did not properly

reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

34. When Plaintiff disputed the account through the credit bureaus, Defendant Okinus was required to perform a reinvestigation; however, Defendant Okinus continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

35. As a result of Defendants' actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, waste of time, and confusion.

36. As a result of Defendants' credit reporting of this improper account on Plaintiff's credit report, Plaintiff's credit score has dropped and her credit reputation has been harmed.

37. Plaintiff has retained undersigned counsel for purpose of pursing this matter against Defendants and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

38. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

## COUNT I
## CLAIMS AGAINST DEFENDANT OKINUS VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

39. Plaintiff incorporates Paragraph 1-38 above as if fully stated herein.

40. Defendant Okinus has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

41. Specifically, Okinus violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters or direct disputes and its own entire file as part of such investigation, by failing to review the bankruptcy case it was a part of, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

42. Further, Okinus violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which

it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

43. Okinus's reinvestigation was not conducted in good faith.

44. Okinus's reinvestigation was not conducted reasonably.

45. Okinus's reinvestigation was not conducted using all information reasonably available to it.

46. Okinus's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer reports.

47. Okinus's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

48. As a result of Okinus's conduct, actions, and inactions, Plaintiff has suffered emotional distress, irritation, mental anguish, waste of time, and damage to their creditworthiness.

49. Okinus's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

50. Plaintiff is entitled to recover costs and attorney fees from Defendant Okinus' in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Okinus:

    a)     For actual damages;

    b)     For compensatory damages;

    c)     For statutory damages;

    d)     For punitive damages;

    e)     For attorney's fees and costs incurred in this action;

    f)     For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT EQUIFAX
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

51. Plaintiff incorporates Paragraph 1-38 above as if fully stated herein.

52. Defendant Equifax willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

53. Defendant Equifax willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

54. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e (b).

55. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

56. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

57. Defendant Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

58. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

59. In response to the request for reinvestigation, Defendant Equifax improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

60. Defendant Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

61. Defendant Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual

damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

62. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Equifax is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

63. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Equifax:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby give notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence – paper, electronic documents, or date – pertaining to this litigation as required by law.

Dated this 13th day of June, 2022.

**STORY GRIFFIN**

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar No.:  527238
AUSTIN J. GRIFFIN, ESQ.
Florida Barn No.: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff